## O. C. ROBY v. M. J. VERNER, *as Sheriff, &c.,* AND T. P. HICKS.

JUDGMENT, *Irregular, but Not Actually Void.* A trial before a justice of the peace was set for July 22, 1882, at one o'clock P. M. Both parties appeared. The justice required that the plaintiff should give security for costs, and the plaintiff attempted to do so. The defendant retired from the justice's office with the understanding that the justice should give him notice if the plaintiff procured the security for costs. More than one hour elapsed and the plaintiff had not yet given any security for costs, and the justice on his own motion continued the case till July 28, 1882, at nine o'clock A. M. The defendant had actual knowledge of this continuance, though he was not present in the justice's court when the continuance was ordered. On July 28, 1882, the plaintiff gave security for costs, and a trial was had at the proper time, before the justice, without a jury, but in the absence of the defendant, the defendant refusing to make any further appearance in the case, and judgment was rendered in favor of the plaintiff and against the defendant for $59 and costs; *held,* that the judgment, though irregular, is not actually and utterly void.

*Error from Greenwood District Court.*

ACTION brought by *Roby* against *Verner* as sheriff of Greenwood county, and another, to enjoin the levy of a certain execution. At the August Term, 1882, the district court dissolved the injunction, and of this ruling *Roby* complains. The facts appear in the opinion.

*Clogston & Fuller,* for plaintiff in error.

*T. L. Davis,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by O. C. Roby against M. J. Verner, sheriff of Greenwood county, and T. P. Hicks, to enjoin the levy of an execution issued by a justice of the peace of Greenwood county in favor of Hicks and against Roby, and held by said sheriff; and also possibly to enjoin the judgment upon which the execution was issued. A temporary injunction was granted by the probate judge of Greenwood county, and upon motion of the defendants this injunction was dissolved by the district court; and of this ruling the plaintiff Roby now complains.

It appears from the record that on July 13, 1882, Hicks commenced an action against Roby, before W. C. Huffman, a justice of the peace of Eureka township, Greenwood county, for $60, for work and labor. The trial was set for July 22, 1882, at one o'clock P. M. Under the statutes, both parties had until two o'clock P. M. of that day to make their appearance before the justice of the peace. Sections 17 and 113 of the justices code read as follows:

"SEC. 17. The parties are entitled to one hour in which to appear, after the time mentioned in the summons for appearance, or to which the case is adjourned, but are not bound to remain longer than that time, unless both parties have appeared, and the justice, being present, is engaged in the trial of another cause. In such case the justice may postpone the time of appearance until the close of such trial."

"SEC. 113. Judgment that the action be dismissed without prejudice to a new action may be entered with costs in the

following cases: *First*, when the plaintiff voluntarily dismisses the action before it is finally submitted; *second*, when he fails to appear at the time specified in the summons, or within one hour thereafter, or upon adjournment."

The statutes also provide that a justice of the peace may require security for costs in certain cases. (Justices Code, §§ 186, 187.) In the present case, the justice required that the plaintiff Hicks should give security for costs. At the time set for trial, we would think from the record, that both parties appeared. Roby certainly appeared; and there is nothing in the case that shows that Hicks did not appear. The justice's docket shows, among other things, as follows:

"July 23, 1882, parties appeared in person, and by H. Ellis, attorney for plaintiff, and Clogston & Fuller, attorneys for defendant; and on motion of plaintiff's attorney this cause is continued to July 28, at 9 o'clock, in order to enable this plaintiff to file his bond for security for costs."

And Dr. J. B. Pierce testified, among other things, as follows:

"July 22, I saw Hicks, the plaintiff, in justice court— several times about town."

The case was continued from July 22, 1882, to July 28, 1882, at 9 o'clock, A. M. On July 28, 1882, at the proper time, a trial was had before the justice of the peace, without a jury, but in the absence of Roby and his counsel, which trial resulted in a judgment in favor of Hicks and against Roby for $59 and costs. Upon this judgment an execution was issued and placed in the hands of M. J. Verner, sheriff of Greenwood county, and Verner being about to levy upon the property of Roby, Roby commenced this action to enjoin the same; and he commenced the action solely upon the ground that the judgment rendered by the justice of the peace was ineffectual and void.

The record of the justice of the peace does not show that the judgment was or is void; but on the contrary, would seem to show that it was and is valid. The other evidence was conflicting. The evidence introduced on the part of the sheriff and Hicks would seem to show that the judgment

was valid; and whether the evidence introduced by Roby
would show that it was void, is at least questionable. From
the record of the justice, and the other evidence introduced,
we would think that the material facts, other than those
already mentioned, are substantially as follows: On July 22,
1882, at the time set for the trial of the case, both parties
appeared. The justice required that the plaintiff should
give security for costs, and delayed the trial in order that he
might do so. The justice told Roby and his counsel that
he would notify them if the plaintiff procured such security,
and they retired from the justice's office and went to the
office of Roby's counsel. Hicks attempted to get such se-
curity, but did not do so within one hour after the time set
for the trial of the case, and in fact did not do so till July
28, 1882. After one hour had elapsed, Roby paid his coun-
sel, and discharged them, though it does not appear that
either Hicks, or his counsel, or the justice of the peace, had
any notice of this fact. Some time after the hour had elapsed,
but just when is not shown, the justice, on his own motion,
continued the case till July 28, 1882, as before stated, and
the justice gave notice of such continuance to the persons
who had been Roby's counsel, and Roby himself also had
actual notice of such continuance. The trial was had on the
28th, in the manner and with the result already stated, the
defendant Roby and his said counsel refusing to make any
further appearance in the case.

We think the judgment of the justice of the peace is not
void. It is valid upon its face; besides, the justice had juris-
diction over both the parties and over the subject-matter of
the action. The justice never dismissed the action, and no
one ever told either Roby or his counsel that the action had
been dismissed; but, on the contrary, they knew that Hicks
and the justice both claimed that the action had not been dis-
missed, and that it was still pending before the justice up to
the time of the trial on July 28, 1882. Some of the pro-
ceedings of the justice may have been irregular, and so very
irregular that the judgment would be reversed if the irregu-

larities were properly shown in a proper proceeding; but they were not so irregular as to render the judgment actually and utterly void.

The decision of the district court dissolving the temporary injunction was probably right for still other reasons than those we have mentioned, and, being right, it will be affirmed.

All the Justices concurring.